United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOTHURS FUTCH,<br>　　　　Plaintiff,<br>　v.<br>KEVIN LEMUS, et al.,<br>　　　　Defendants. | Case No. 19-cv-02981 NC (PR)<br>**ORDER OF SERVICE** |

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.[1] Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the Court orders service upon Defendants.

**BACKGROUND**

I. <u>Standard of Review</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] Plaintiff has consented to magistrate judge jurisdiction. Dkt. No. 2.

Case No. 19-cv-02981 NC (PR)
ORDER OF SERVICE

1

governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

Liberally construing Plaintiff's complaint, Plaintiff has stated a cognizable claim that Defendants used excessive force upon him in violation of the Fourth Amendment.

**CONCLUSION**

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge jurisdiction consent form, and a copy of this order to Police Officers Kevin Lemus, Alyssa Alvarado, Vincent Martinez, Jameiz Terrell, Michael Brown, Kelsey Shanks, Bradley Marweg, Joseph England, Matt Anderson, and Officer Bashan, of the Richmond Police Department. The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked

Case No. 19-cv-02981 NC (PR)
ORDER OF SERVICE

2

by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, Defendants will be required to serve and file an answer within sixty (60) days from the date on which the request for waiver was sent to them. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than sixty (60) days from the date the waivers are sent from the court, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint, raising any merits challenges or affirmative defenses they may have to those claims. At that time, Defendants shall also submit the magistrate judge jurisdiction consent form. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.

Case No. 19-cv-02981 NC (PR)
ORDER OF SERVICE

3

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than twenty-eight (28) days from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than fourteen (14) days after Plaintiff's opposition is filed.

6. All communications by Plaintiff with the court must be served on Defendants or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: August 2, 2019

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 19-cv-02981 NC (PR)
ORDER OF SERVICE

4