UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOTHURS FUTCH,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN LEMUS, et al.,<br><br>    Defendants. | Case No. 19-cv-02981-EMC<br><br>**ORDER TO STAY AND ADMINISTRATIVELY CLOSE THE ACTION**<br><br>Docket No. 26 |

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 in which Plaintiff alleges that Richmond Police Department officers used excessive force when they arrested him on December 6, 2018. The matter is now before the Court for consideration of Defendant's motion to stay the action. Plaintiff has opposed the motion.

Defendants move to stay this action until Plaintiff's state court criminal case is resolved because, among other things, a conviction in that action would bar Plaintiff's complaint under the *Heck* rule. Defendants show that there is a pending state court criminal case against Plaintiff arising from the December 6, 2018, incident that gives rise to the excessive force claim Plaintiff presents in this action. The criminal charges against Plaintiff are the following: battery with injury on a peace officer (*see* Cal. Penal Code § 243(c)(2)); three counts of resisting an executive officer (*see id.* at § 69); resisting a peace officer resulting in serious bodily injury (*see id.* at § 148.10(a)); and battery with serious bodily injury (*see id.* at § 243(d)). Docket No. 26-1 at 10-14 (felony information filed July 2, 2019). The felony information alleges that these several crimes occurred on or about December 6, 2018. *Id.* Three of the victims identified in the felony information are Defendants in the present action – in other words, Plaintiff is accused of committing crimes (such as resisting arrest) against the police officers he accuses of using

excessive force on him.

The *Heck* case held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence or other decision already has been determined to be wrongful. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that--even if it does not directly challenge the conviction or other decision--would imply that the conviction or other decision was invalid. The practical importance of the *Heck* rule is that plaintiffs cannot attack their convictions or sentences in a civil rights action for damages and instead must have successfully attacked the decision before filing the civil rights action for damages.

The *Heck* rule requires dismissal of a case where the conviction has occurred. When the action is brought by a pretrial detainee and the criminal proceedings are still pending, the action will be stayed rather than dismissed if it would, if successful, "impugn an anticipated future conviction." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Here, Plaintiff is in custody as a pretrial detainee on criminal charges that are interwoven with the excessive force claim he presents in his § 1983 complaint. Neither Plaintiff nor Defendants suggest that the alleged use of force was separate from Plaintiff's alleged conduct that is the basis for the felony information against him. It appears that success on Plaintiff's § 1983 claims would, if successful, call into question a future conviction for a violation of California Penal Code § 69, resisting an executive officer in the performance of his or her duty, because one of the elements of that crime is that the officer was acting lawfully at the time of the § 69 offense.[1]

---

[1] The pattern jury instruction for California courts provides that the People must prove the following to establish a violation of California Penal Code § 69: "1. The defendant [unlawfully] used force [or violence] to resist an executive officer; 2. *When the defendant acted, the officer was performing (his/her) lawful duty*; 3. When the defendant acted, the defendant knew that the person (he/she) resisted was an executive officer; AND 4. When the defendant acted, (he/she) knew the executive was performing (his/her) duty." Judicial Council Of California Criminal Jury Instruction (CALCRIM) 2652 (emphasis added; brackets in original). That instruction further states that a "peace officer is not lawfully performing his or her duties if he or she is (unlawfully

1  A stay under *Heck* and *Wallace* is warranted until the state court criminal case against Plaintiff is
2  resolved.

3  In his opposition to the motion for a stay, Plaintiff urges that he *was* injured, regardless of
4  the existence and status of the criminal case against him. Docket No. 30. His argument misses the
5  mark, however, because the motion for a stay and this order staying the case do not address the
6  merits of Plaintiff's claims. Instead, the stay is just a procedural tool to let the criminal case finish
7  before deciding whether the civil case can proceed. This avoids potentially inconsistent results
8  between the criminal and civil cases. A stay is appropriate regardless of whether Plaintiff's
9  excessive force claim is weak or strong.

10  For the foregoing reasons, Defendants' motion for a stay is **GRANTED**. Docket No. 26.
11  This action is **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the case. The stay
12  is intended to last as long as the state court criminal proceedings are pending against Plaintiff.
13  Within thirty days of the date the state court criminal proceedings have concluded (e.g., by
14  conviction or acquittal), Plaintiff must file a motion asking the Court to lift the stay. If the stay is
15  lifted and the Court finds Plaintiff's claims would impugn the validity of a conviction that has
16  occurred, the action will be dismissed under *Heck*; if no such finding is made, the action will
17  proceed at that time, absent some other bar to suit. *See Wallace*, 549 U.S. at 394. In light of the
18  stay, Plaintiff should not file any more documents in this action until the state court criminal
19  proceedings have concluded.

**IT IS SO ORDERED**.

Dated: December 20, 2019

_____
EDWARD M. CHEN
United States District Judge

---

arresting or detaining someone/ [or] using unreasonable or excessive force in his or her duties)."
*Id.* (brackets in original).
